UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>vs.<br><br>STEPHEN M KELLY<br>SUSAN S CRANE<br>WILLIAM J BICHSEL<br>ANNE MONTGOMERY<br>LYNNE T GREENWALD,<br><br>    Defendants | Case no. CR10-5586 BHS<br><br>EXPANDED MOTION TO DISMISS CHARGES BECAUSE GOVERNMENT CANNOT PROVE THE ESSENTIAL ELEMENTS OF CHARGES BECAUSE THE PROPERTY ALLEGEDLY DAMAGED CONCEALS UNLAWFUL WEAPONS OF MASS DESTRUCTION |

    Defendants move to dismiss the charges in this matter because, as a matter of law, the government cannot prove the essential elements of the charges because the property on which the damage is alleged to have occurred, a fence concealing Trident D-5 nuclear warheads, W-88 and W76, conceals unlawful weapons of mass destruction.

    Defendants ask that this court either: order an outright dismissal of this case and the charges of damage and depredation to property brought against them; or issue a pre-trial decision that all the evidence and testimony referenced in this motion and accompanying memorandum and exhibits will be allowed to be introduced at trial in this matter in the defense; or allow an open evidentiary hearing so that testimony and evidence supporting this motion to dismiss may be heard and a record made; or grant any other relief that justice and law may require.

    The grounds for dismissal are set out in this motion, the memorandum of law, and the attached exhibits.

1

:In support of this motion, the defense attaches and includes:

Exhibit 1: Testimony of Mayor Takashi Hiraoka of Hiroshima, before the International Court of Justice at the Hague, November 7, 1995, 18 pages;

Exhibit 2: The Opinion of the International Court of Justice in the Hague on the Legality of Threat or Use of Nuclear Weapons, July 8, 1996, 11 pages;

Exhibit 3: "U.S. Nuclear Forces, 2009," published in the Nuclear Notebook, Bulletin of Atomic Scientists, March/April 2009, 11 pages;

Exhibit 4: Declaration of Professor Francis A. Boyle, October 28, 2010, 12 pages.

Exhibit 5: Statement by Judge C. G. Weeramantry, October 2010, 6 pages

Exhibit 6: Declaration of Peter Weiss, October 2010, 3 pages

Exhibit 7: Declaration of Anabel L. Dwyer dated October 28, 2010, 5 pages

Exhibit 8: Declaration of Ardeth Platte, OP dated October 28, 2010, 3 pages

Exhibit 9: Declaration of Joseph Morton, dated October 27, 2010, 3 pages

Exhibit 10: Declaration of Christine Nesbitt, dated October 27, 2010, 3 pages

A. THE PROPERTY DAMAGED CONCEALS, OBSCURES AND ILLEGALLY PROTECTS WEAPONS OF MASS DESTRUCTION

1. The property that defendants are charged with damaging is fence surrounding US Naval Base Kitsap/Bangor, and fence surrounding bunkers inside the base which conceal W-88 and W-76 nuclear warheads which are weapons of mass destruction.

2. The Trident D-5 is a first strike Submarine Launched Ballistic Missile (SLBM) which carries W-88 and W-76. Trident D-5 missiles can be launched from Trident Submarines and within 15-25 minutes the independently targeted nuclear warheads can reach any destination within 6000 miles. A nuclear bomb launched from a Trident submarine produces uncontrollable radiation, massive heat and a blast capable of vaporizing and leveling everything within a 50-mile radius. Outside the 50 square miles—extending into hundreds of miles—the blast, wide-spread heat, firestorms and

neutron and gamma rays are intended to kill, severely wound and poison every living thing and cause long-term damage to the environment. A W-88 or W76 warhead has the potential to destroy the genetic code of the human race. Current warheads carry more than 20 times more power than the U.S. nuclear bomb dropped on Hiroshima August 6, 1945.

B.  THE WEAPONS OF MASS DESTRUCTION ARE UNLAWFUL AND CRIMINAL AND THE CONTINUING THREAT OF USE OF THEM AND THE USE OF THEM CONSTITUTE THE COMMISSION OF A WAR CRIME

3. As the exhibits demonstrate, the threat or use of the Trident D-5, with warheads W-88 and W-76, is not merely unlawful, but actually criminal.

4. The property that the government says was "injured" is part of the fence surrounding, obscuring, and concealing the Trident D-5 warheads, W-88 and W76, which are weapons of mass destruction. These weapons of mass destruction are illegal and criminal in any and all uses. (See memorandum and exhibits). Thus, the government can not meet its burden to prove beyond a reasonable doubt that any "property" allegedly injured in this case was or could be of any legal or practical use of the U.S. No use of the property is "practical" unless consistent with adherence to the laws of war which in this case control and also prohibit any threat or use of the Trident D-5 and W-88 and W-76 nuclear warheads and its attendant instrumentalities.

5. The evidence cannot show any injury or damage to any "property" that was not part of an ongoing war crime in violation of 18 USC 2441. This court may not apply the general protection of property statute to protect and condone an instrument that is a war crime.

C.  INTERNATIONAL LAW AND THE LAWS OF WAR PROHIBIT ANY USE OF THIS WEAPON OF MASS DESTRUCTION

3

6. The property in this case conceals and obscures first-strike, weapons of mass destruction and the laws of war apply to its existence and use. The government may not apply the general protection of property statute to ignore or abrogate the more basic and controlling rules and principles of the laws of war and internationally recognized humanitarian law.

D. THE ACTIONS TAKEN BY DEFENDANTS TO NONVIOLENTLY EXPOSE, INSPECT AND ATTEMPT TO SYMBOLICALLY DISARM WEAPONS OF MASS DESTRUCTION WERE LEGAL, REASONABLE AND JUSTIFIED

7. The actions to inspect and symbolically disarm grossly illegal and criminal weapons for nuclear first-strike were in accord with defendants' bona fide reasonable belief that their conduct was lawful, privileged or justified.

8. The Defendants acted out of necessity to point out the extreme dangers and criminal acts inherent in the US keeping the Trident D-5 and W-88 and W76 with stated ready intent to launch the missile within minutes from Trident submarines irretrievably precipitating nuclear holocaust by accident or design. The Defendants understood that any such launch would preclude any recourse to the law.

9. Defendants understood through study of numerous cases, treaties, the US Constitution, the International Court of Justice testimony and Opinion and through writings and previous sworn testimony of numerous experts including Francis Boyle, Anabel Dwyer, Peter Weiss and Judge C. G. Weeramantry that at the time of their action the following facts were true:

a. The Trident D-5 nuclear warheads, W88 and W76 were engaged in war crimes that were ongoing, instant and occurring, through active threat, attempt, and in final irretrievable steps for execution;

b. The harms threatened or attempted by the nuclear warheads, W-88 and W-76 in the bunkers at SWFPAC were quantified and known to be at least 30 times the prolonged and horrific devastation of the Hiroshima bomb;

c. The defendants symbolic disarmament pales in comparison to the damage threatened or attempted by the Trident D-5 and W-88 and W-76 nuclear warheads and any "damage" defendants "inflicted" was trivial and intended as symbolic of the necessity for disarmament without harm to anyone;

d. The non-violent or symbolic inspection and exposure of ongoing war crimes committed by active threat of use of the Trident D-5 and W-88 and W-76 nuclear warheads could expose and prevent commission of these most heinous crimes since such non-violent resistance actions have prevented even the worst crimes in the past;

e. Defendants have exclusively employed many and all non-violent remedies with strict adherence to reasonable understanding of both their rights and responsibilities as law-abiding citizens of the U.S.;

f. Their non-violent exposure, inspection and symbolic disarmament acts were consistent with binding law including the existing US obligation "to pursue in good faith and bring to a conclusion negotiations leading to nuclear disarmament in all its aspects..." (See Exhibit 2, ICJ Op. paragraph 105 (2) F.); and

g. Their exposure, inspection, and symbolic disarmament were a reasonable, legal and effective way to achieve a prompt end of ongoing war crimes that threaten themselves and all life and to demonstrate effective and legal methods to non-violently expose, inspect and disarm even the instant threat of use of the most horrific weapons known.

10. As a matter of fact and law the actions of defendants to non-violently inspect, expose and symbolically disarm the Trident D-5 and W-88 and W-76 nuclear warheads

were reasonable ways to point out the urgent necessity to achieve nuclear disarmament obligations of the U.S.

### E. DEFENDANTS HAD NO CRIMINAL INTENT RATHER THEY HAD THE CLEAR AND UNDISPUTED INTENT TO FOLLOW INTERNATIONAL LAW AND JUSTICE

11. Defendants have publicly admitted that they took their action with the intent to follow the consciences, international law, and to take actions to accelerate the disarmament of illegal nuclear weapons of mass destruction. Thus, the intent issue before this court is not just whether they knew their actions were prohibited by federal statute but whether their actions were unlawful and willful and taken for a purpose prohibited by law. International law squarely address these points and demonstrates that defendants did not have criminal intent.

### F. THE ELEMENTS OF THE CRIME OF CRIMINAL DAMAGE TO PROPERTY CANNOT BE MET WHERE THE PROPERTY AT ISSUE CAN ONLY BE USED IN CONNECTION WITH A WAR CRIME

12. The burden is on the government to prove beyond a reasonable doubt each and every element of the crimes charged. The Supreme Court has held explicitly that the: "due process clause protects a defendant against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 90 S Ct. 1068, 1073 (1970).

13. The charge against defendants is Destruction of Government Property, 18 USC 1361, which reads "Whoever willfully injures or commits any depredation against any property of the United States..." and USC 1363 which reads "Whoever willfully and maliciously destroys ..."

14. There is no lawful way the government can prove beyond a reasonable doubt each and every one of the elements of 18 USC 1361 and 18 USC 1363 charged against these defendants in these circumstance. Specifically, the government cannot under law prove the following elements:

a) defendants had specific intent, what the statute terms as "willfully" or with a bad purpose...without justifiable excuse... or without ground for believing it is lawful and/or

b) "injures or commits any depredation" and/or

c) "against any property of the US."

15. By undertaking the prosecution of defendants, the government has raised and therefore must consider the lawful use of such property at issue in this case and the controlling law that governs and prohibits any threat or use of any weapon of mass destruction including the W-88 and W76 nuclear warheads, and the fence around them.

16. "There is no just and legal use of the nuclear weapons here. Therefore the property claimed damaged by the government was illegal and not subject to the protection of law and justice. If the government insists on prosecuting destruction of illegal property they must be required by this court to fully disclose the property at issue. This is not a case about a fence. Any attempt by the government to limit testimony and evidence about damage to a fence is inconsistent with reality and justice. Arguing that this case is about a fence is the same as arguing that helping runaway slaves is about property. There are much bigger life and death issues involved. History will judge all the parties in this action, defendants, prosecutors, the judiciary and everyone else. When history looks back at this incident if it sees the judicial proceeding was limited to damage to a fence and not what that fence protected, history will judge us all quite harshly. Therefore, this court must allow full evidence and testimony about what the fence was protecting if it allows this prosecution to go forward.

17. All statutes must be interpreted in light of the U.S. Constitution. This follows from the Supremacy Clause of the U.S. Constitution. The Supremacy Clause incorporates international law in general and the laws of war in particular. This is not an amorphous and undefined body of international law but to a specific set of fundamental rules and principles of law that apply to any threat or use of any weapon or tactic of war. (See Exhibits attached to the Memorandum in Support of the Motion to Dismiss.).

18. In the case of the general protection of property statute 18 USC 1361, and 18 USC 1363, the evidence shows that it has been unconstitutionally applied to these Defendants in these circumstances. "The statute should be construed in the light of the purpose of the Government to act within the limitation of the principles of international law, the observance of which is so essential to the peace and harmony of nations..." MacLeod v U.S., 33 S Ct 955, 229 US 416, 434 (1913).

19. The government has alleged no facts to prove the essential element of willfulness or maliciousness. The facts actually show that defendants knew that their non-violent and symbolic conduct was not unlawful but in accordance with U.S. law, international law, and justice. Evidence of their lawful intent was and is corroborated authoritatively by the most authoritative and recent statement of the applicable law, the International Court of Justice Opinion on the Threat or Use of Nuclear Weapons – see Exhibits.

20. Dismissal is also required because any alleged "injury" to the fence was very trivial in comparison to the extremely grave ongoing injuries intended by the instant, quantified, known use of the Trident D-5 and W-88 and W-76 nuclear warheads.

21. The burden of proof may not be shifted to the defendant. Although "intent is typically considered a fact peculiarly within the knowledge of the defendant, this does not, as the Court has long recognizes, justify shifting the burden to him." Mullaney v Wilbur, 421 US 684, 95 S Ct. 1881 (1975).

22. The damage to government property charges must be dismissed because there is and can be no proof beyond a reasonable doubt that defendants: a) "willfully," b)"maliciously": c) "injured," d) any properly defined "property."

THEREFORE, defendants request either: outright dismissal of this case and the charge of damage to property brought against them; or a pre-trial decision that all the evidence and testimony referenced in this motion and accompanying memorandum and exhibits will be allowed to be introduced at trial in this matter in the defense; or an open evidentiary hearing so that testimony and evidence supporting this motion to dismiss may be heard and a record made; or any other relief that justice and law may require.

Peace

October 29, 2010

/s/ Susan Crane
/s/ Lynne Greenwald
/s/ Anne Montgomery RSCJ
/s/ Bill Bichsel, S.J.
/s/ Stephen M. Kelly, S.J.

**CERTIFICATE OF SERVICE**
I certify that a copy of the document to which this certificate is attached was served on the Assistant United States Attorney of record via ecf fax/U.S. mail/personal delivery on the 29 day of October.

by Susan Crane