1        Judge Settle

2

3

4

5

6

7

8

9        UNITED STATES DISTRICT COURT
10       WESTERN DISTRICT OF WASHINGTON
         AT TACOMA

11
   UNITED STATES OF AMERICA,        )
12                                   )
                      Plaintiff,     )        NO. CR10-5586BHS
13                                   )
                 v.                  )        GOVERNMENT'S CONSOLIDATED
14                                   )        RESPONSE TO DEFENDANTS'
   STEPHEN M. KELLY,                 )        EXPANDED MOTION TO DISMISS
15 SUSAN S. CRANE,                   )        CHARGES; AND DEFENDANT
   WILLIAM J. BICHSEL,               )        MONTGOMERY'S MOTION FOR
16 ANNE MONTGOMERY, and              )        DISQUALIFICATION OF COUNSEL
   LYNNE T. GREENWALD,               )
17                                   )
                      Defendants.    )
18 _____ )

19       The United States of America, by and through Jenny A. Durkan, United States Attorney

20 for the Western District of Washington, and Arlen R. Storm and Brian Werner, Assistant United

21 States Attorneys for said District, hereby files its consolidated response to defendants' motions

22 to dismiss the indictment and defendant Montgomery's motion seeking substitution of counsel.

23                              I.  BACKGROUND

24       A.    Procedural Background.

25       On September 2, 2010, a Federal Grand Jury for the Western District of Washington

26 returned an Indictment charging the defendants with (1) conspiracy, in violation of Title 18,

27 United States Code, Section 371 (count 1); (2) trespassing on Naval Base Kitsap, a United States

28
GOVERNMENT'S CONSOLIDATED
RESPONSE TO DEFENDANTS' MOTIONS
(KELLY, et al, CR10-5586BHS) - 1

Naval installation, in violation of Title 18, United States Code, Section 1382 (counts 2 and 3); (3) destroying property within the special territorial jurisdiction of the United States, in violation of Title 18, United States Code, Section 1363 (count 4); and (4) committing a depredation against property of the United States having a value in excess of $1,000, in violation of Title 18, United States Code, Section 1361 (count 5).  The defendants appeared for arraignment on October 8, 2010.

During the arraignment, after determining that the defendants were entitled to proceed *pro se,* the Court appointed each defendant separate stand-by counsel and set a trial date of December 7, 2010.  Additionally, in response to the defendants' request for discovery pursuant to Rule 16, the government notified them that, within 14 days, it would mail the discovery to them and to their stand-by counsel.  Later that day, the defendants filed with the Clerk's Office hard copies of the following motions: (1) Motion to Immediately Dismiss Charges, (2) Motion for Discovery, and (3) Motion for Waiver of Conflict.

On October 22, 2010, the government produced discovery.  Therein, the government redacted information that was either Classified or Secret.

On October 29, 2010, the defendants filed an "Expanded Motion to Dismiss Charges Because Government Cannot Prove the Essential Elements of Charges Because the Property Allegedly Damaged Conceals Unlawful Weapons of Mass Destruction."  In addition, on that same day defendant Anne Montgomery filed a "Motion for Disqualification of Counsel and Appointment of Alternate Counsel."

On November 4, 2010, defendant Susan Crane sent an email to the government demanding that the government un-redact its discovery.  Having anticipated this demand, the government currently is preparing a Protection Order seeking authorization to maintain the redactions in the government's discovery.  Pursuant to Section 4 of the Classified Information Procedures Act, the government plans to present this pleading to the Court *ex parte* and *under seal.*

GOVERNMENT'S CONSOLIDATED
RESPONSE TO DEFENDANTS' MOTIONS
(KELLY, et al, CR10-5586BHS) - 2

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 450
TACOMA, WASHINGTON 98402
(253) 593-6316

B.      Factual Background[1]

During the early morning hours of November 2, 2009, the defendants trespassed onto the Bangor Naval Base.  The defendants used bolt cutters to cut open a hole in the chain-link fence surrounding the exterior perimeter of the base, several feet away from a posted sign that warned that access onto the base was prohibited.  Upon entering the base through this hole, the defendants, who were wearing all-black clothing, wired the fence back together.

Once on the base, the defendants walked a considerable distance to a protected area (the Main Limited Area, or MLA, of the Strategic Weapons Facility-Pacific (SWF-Pac)) that was surrounded by two additional fences.  A sign posted on the outer fence of the MLA warned the defendants that access was prohibited and that lethal force may be used upon entry.  Regardless of this warning, the defendants used their bolt cutters to cut though both the inner and outer fences and entered the MLA.  There, the defendants briefly displayed a banner bearing a message denouncing nuclear weapons ("Disarm Now Plowshares: Trident: Illegal and Immoral") and performed ceremonial acts, including sprinkling a red liquid on the ground, before they were apprehended and arrested.  Ultimately, the five defendants were carried back through the holes they had cut in the two fences and taken to an office where they were processed and interviewed by NCIS and FBI agents.

## II. ARGUMENT

In their Expanded Motion, the defendants argue that related defenses of compliance with international law and necessity prohibit their convictions.[2]  Therefore, they move to dismiss the charges.  In the alternative, they request that the Court enter a pretrial ruling that it will allow the defendants to present evidence regarding the international law and necessity during trial.  The Ninth Circuit Court of Appeals has soundly repudiated these purported defenses.  Accordingly, they are neither entitled to the dismissal of the charges or to present their purported defenses at

---

[1] The government notes that the facts largely appear to be uncontested.  *See* page three of the defendants' memorandum.

[2] In their prior pleadings, they asserted that the defense of necessity required the Court to dismiss the charges.

GOVERNMENT'S CONSOLIDATED
RESPONSE TO DEFENDANTS' MOTIONS
(KELLY, et al, CR10-5586BHS) - 3

trial.

A.    <u>Defendants Are Not Entitled to Dismissal of the Indictment</u>[3]

    1.    *Defendants' Assertion of International Law or the "Nuremberg Defense" as a Defense to All Charges*

The defendants argue that their actions in violation of domestic law are completely excused, and the indictment should be dismissed, because they were justified by international law, which, they assert, prohibits the construction and deployment of nuclear weapons by the United States.  This defense, referred to as the "Nuremberg defense," simply does not apply to nuclear weapon protests, however.

 The domestic law of the Nazi regime required citizens to act in ways that advanced the government's violations of international principles.  *See United States v. Kabat*, 797 F.2d 580, 590 (8th Cir. 1986).  During the Nuremberg trials, some defendants argued that they should not be prosecuted for enforcing the domestic laws.  *Id*.  The tribunal rejected this argument, holding that the defendants had an obligation to violate domestic law to prevent the country's continuing violations of international law.  *Id*.  The tribunal specifically noted, however, that

> It would be a great extension of this argument to hold that persons who remained passive, neither aiding nor opposing their government's international violations, were war criminals merely by virtue their citizenship or residence in their given countries.

*Id*.

Unlike the laws which were the subject of the Nuremberg trials, the laws relating to crimes committed during nuclear protests, including those charged in this case, do not require that defendants act in a way which violates international law.  Accordingly, every court to consider the issue has rejected the Nuremberg defense in the context of nuclear weapon protests. *See Kabat*, 797 F.2d at 590; *United States v. Brodhead*, 714 F.Supp 593, 597-598 (D.Mass 1989);  *United States v. Montgomery*, 772 F.2d 733, 737 - 738 (11th Cir. 1985) (rejecting Nuremberg defense in case involving defendant Anne Montgomery).

---

[3]  The dismissal of the charges is premature.  Whether or not a defendant is guilty of criminal charges is an issue for a jury.  *United States v. Doe*, 63 F.3d 121, 125 (2nd Cir. 1995).

GOVERNMENT'S CONSOLIDATED
RESPONSE TO DEFENDANTS' MOTIONS
(KELLY, et al, CR10-5586BHS) - 4

1    Even if the defendants' reading of international law was correct, and even if defendants'

2    belief that nuclear weapons were located at Bangor Naval Base was correct, it is still a crime to

3    destroy government property.  As the Court in *United States v. Urfer*, 287 F.3d 663, 667 (7th

4    Cir. 2002), noted that "[e]ven if it were contrary to international law for a nation to possess

5    nuclear weapons, domestic law could properly and does make it a crime to 'correct a violation of

6    international law by destroying government property.'" *Id*. at 667 (citing *United States v. Allen*,

7    760 F.2d at 453).  Likewise, in *Allen*, the Court noted that while it did "not suggest that the

8    deployment of nuclear armament systems does violate international law," even if it did

9    "Congress has the power to protect government property by statute." *Id*. at 454.  Accordingly,

10   international law fails to provide the defendants with any defense in this case.  *Urfer*, 287 F.3d at

11   667; *Allen*, 760 F.2d at 454. *See also United States v. May*, 622 F.2d 1000, 1009-1010 (9th Cir.

12   1980) (rejecting international law defense).

13               2.    *Defendants' Assertion of Necessity Defense as Defense to All Charges*

14   The defendants also argue that their actions are excused, and the indictment should be

15   dismissed, by reason of necessity.  That is, they contend that their actions were necessary to

16   avoid what they perceived to be the greater harm of potential nuclear war.  The necessity

17   defense, however, is precluded by Ninth Circuit case law.

18   At common law, the necessity defense "cover[s] the situation where forces beyond the

19   actor's control render[] illegal conduct the lesser of two evils." *United States v. Bailey*, 444 U.S.

20   394, 410 (1980).  Necessity is established by showing that a defendant (1) acted to prevent an

21   imminent harm, (2) that no reasonable, lawful alternative could prevent that harm, and (3) that

22   the defendant reasonably perceived a direct causal relationship between his actions and the

23   prevention of the harm.  *United States v. Dorrell*, 758 F.2d 427, 430-31 (9th Cir. 1985); *United

24   States v. Schoon*, 971 F.2d 193, 195 (9th Cir. 1991) (citation omitted).[4]  "[T]he mere existence of

25   . . . government policy cannot constitute a legally cognizable harm." *Schoon*, 971 F.2d at 197.

26   _____

27        [4]  The test for determining availability of the necessity defense is conjunctive. *United States v.
     Aguilar*, 883 F.2d 662, 693 (9th Cir. 1989).

28

GOVERNMENT'S CONSOLIDATED
RESPONSE TO DEFENDANTS' MOTIONS
(KELLY, et al, CR10-5586BHS) - 5

1    While a law or policy can result in a general harm, an individual lacks standing in such

2    generalized harm.  *See United States v. Lowe*, 654 F.2d 562, 566-67 (9th Cir. 1981) (citing *May*,

3    622 F.2d 1000 (9th Cir. 1980).[5]  In addition, the defense is unavailable "if there was a

4    reasonable, legal alternative to violating the law," *Bailey*, 444 U.S. at 410, and "legal alternatives

5    will never be deemed exhausted when the harm can be mitigated by [political action]." *Schoon*,

6    971 F.2d at 197.  *See also Dorrell*, 758 F.2d 432 (opportunities for speech and political

7    participation made the necessity defense unavailable); *United States v. Quilty*, 741 F.2d 1031,

8    1033 (7th Cir. 1984) (per curiam) (same); *United States v. Cassidy*, 616 F.2d 101 (4th Cir. 1979)

9    (per curiam) (same).

10    In the present case, the defendants had numerous reasonable, lawful alternatives to their

11    actions, such as participating in the political process or protesting in a legal manner.  The

12    defendants' impatience with unsuccessful efforts to alter the United States nuclear policy creates

13    no necessity recognized by the law.  For this reason, alone, the necessity defense fails.  *Dorrell*,

14    758 F.2d at 431.  In addition, they could not have reasonably believed that their actions would

15    likely alter the government's nuclear policy.  Accordingly, the necessity defense fails.  *Id*.

16    3.    *Defendants' Application of International Law and Necessity Defenses to*
        *Destruction of Property Crimes Charged in Counts 4 and 5 of the*
17        *Indictment*

18    The defendants argue at page 20 of their Memorandum that the Indictment should be

19    dismissed because the government cannot prove that they acted "wilfully" as required by Counts

20    4 and 5 and with "malice" and as required by Count 5 in order to convict them of destroying

21

22

23    [5] A defendant simply is not entitled to legislate.  In a case involving the burning of selective
      service records, the Seventh Circuit stated

24

25    One who elects to serve mankind by taking the law into his own hands thereby demonstrates his
      conviction that his own ability to determine policy is superior to democratic decision making.
26    [Defendants'] professed unselfish motivation, rather than a justification, actually identifies a
      form of arrogance which organized society cannot tolerate.

27    *United States v. Cullen*, 454 F.2d 386, 392 (7th Cir. 1971) (quoting *United States v. United Mine*
      *Workers*, 330 U.S. 258, 343 (1947).
28

GOVERNMENT'S CONSOLIDATED
RESPONSE TO DEFENDANTS' MOTIONS
(KELLY, et al, CR10-5586BHS) - 6

property, as charged in Counts 4 and 5 of the Indictment.[6]  The government disagrees.

In order to prove that a defendant acted "willfully," the government need prove only that the defendant knew that he was doing something illegal.  *See* Comment for Ninth Circuit Pattern Instruction 5.5 (noting that the Ninth Circuit has approved the following wilfulness instruction: "an act is done wilfully if done voluntarily and intentionally with the purpose of violating a known legal duty").  The government need not prove that the defendant was aware of a specific statute that made his conduct illegal.  *See United States v. Derington*, 229 F.3d 1243, 1248-49 (9th Cir. 2000).

The government will present sufficient evidence of willfullness in this case.  Two of the defendants had previously received barment letters prohibiting them from entering the base.  In addition, the defendants expressed their consciousness of guilt, *i.e.*, that they were acting illegally, by attempting to conceal this conduct, including by entering the naval base at night, wearing black clothing, and wiring the fence shut behind them so that no one would notice that they had entered.  In addition, the defendants carried living wills with them the night of the offense, thereby recognizing the fact that they were entering an area in which deadly force was authorized.  This evidence clearly establishes the defendants' knowledge that they were violating the law, that is, that they were acting wilfully.

As to the issue of malice, in order to prove that a defendant acted "maliciously," the government need prove only that the defendant "acted wrongly and without justification."  *See*

---

[6]    Count 4 of the indictment charges the defendants with Destroying Property within the Special Territorial Jurisdiction of the United States, in violation of Title 18, United States Code, Section 1363. That statute provides, in relevant part, "[w]hoever, within the special maritime and territorial jurisdiction of the United States, willfully and maliciously destroys or injures or attempts to destroy or injure any structure, conveyance, or other real or personal property, shall be fined under this title or imprisoned not more than five years, or both, and if the building is a dwelling, or the life or any person placed in jeopardy, shall be fined under this title or imprisoned not more than twenty years, or both.  18 U.S.C. § 1363.

Count 5 of the indictment charges the defendants with Depredation of Government Property, in violation of 18 U.S.C. § 1361.  That statute provides, in relevant part, "[w]hoever willfully injures or commits depredation against any property of the United States, or of any department or agency thereof . . . shall be punished as follows:  If the damage or attempted damage to such property exceeds the sum of $1,000, by fine under this title or imprisonment not more than ten years, or both."

GOVERNMENT'S CONSOLIDATED
RESPONSE TO DEFENDANTS' MOTIONS
(KELLY, et al, CR10-5586BHS) - 7

1   Ninth Circuit Pattern Instruction 8.1 (defining "malice" as that term is used in 18 U.S.C. 81,

2   Arson Committed within Special Territorial Jurisdiction of United States).  *See also United*

3   *States v. Doe*, 136 F.3d 631, 635 (defining malice as "state of mind which actuates conduct

4   injurious to others without lawful reason, cause or excuse) (quoting *Dean v. State*, 668 P.2d 639,

5   643 (Wyo. 1983)).

6       In the present case, as discussed above in the context of wilfulness, the defendants'

7   attempted concealment of their conduct, demonstrates their consciousness of guilt, that is, that

8   they were acting wrongly.  In addition, also as discussed above, the defendants had no lawful

9   reason, cause or excuse to commit the offense charged in Count 4.  Courts have repudiated both

10  of the defenses they have offered as a legal justification for their conduct.  *See Dorrell*, 758 F. 2d

11  427 (opportunities for speech and political participation made the necessity defense unavailable).

12      Finally, the defendants argue that the government cannot convict them of the destruction

13  of property charges alleged in Counts 4 and 5, because the government cannot prove that the

14  fences and security system they injured constituted "property."  The defendants argue that

15  because the fence and security system they injured were, in the defendants' belief, protecting

16  nuclear weapons, the fence and security system could not constitute property.  The defendants

17  are mistaken.  The Ninth Circuit has rejected this argument.  *See United States v. Komisaruk*,

18  885 F.2d 490, 497 (9th Cir. 1989).  In *Komisaruk*, the defendant was charged with destroying

19  government computers but claimed that her actions were justified by her belief that those

20  computers were used in the Navstar military navigational system.  The District Court did not

21  allow Komisaruk to present her "far-fetched" views that the computers did not constitute

22  "property" and the reviewing court affirmed.  *Id.* at 493.  Similarly, Komarisuk also tried to

23  present evidence that the property's use in connection with the military stripped of its legal

24  designation as property.  The appellate court noted that in criminal law, courts must apply the

25  plain and unambiguous meaning of statutory language and that "[t]he district court properly

26  rejected this fanciful argument."  *Id*. at 497.

27

28

GOVERNMENT'S CONSOLIDATED
RESPONSE TO DEFENDANTS' MOTIONS
(KELLY, et al, CR10-5586BHS) - 8

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 450
TACOMA, WASHINGTON 98402
(253) 593-6316

1        B.      Defendants are not entitled to an *In Limine* Ruling to Allow the Defendants to
                 Present Expert Testimony at Trial Regarding Necessity and Nuremberg
2                Defenses

3        Rather than issue an order allowing defendants to present evidence on these purported

4   defenses, the Court should issue an order expressly excluding such evidence and argument.  It

5   appears that the defendants have manufactured serious crimes and, to date, consumed immense

6   prosecutorial and judicial resources, in hopes that they can turn their trial into what they perceive

7   to be a referendum on United States defense strategy.  They are not entitled, and should not be

8   allowed, to do so.

9        Questions of law, including international law, are for the judge and not the jury.  *Hilao v.*

10  *Estate of Marcos*, 103 F.3d 789, 794 (9th Cir. 1996); *Echeverria-Hernandez v. INS*, 923 F.2d

11  688, 692, *vacated on other grounds,* 946 F.2d 1481 (9th Cir. 1991) (en banc).  Accordingly,

12  questions regarding whether the Nuremberg defense is applicable in this case and whether

13  international law prohibits the production or use of nuclear weapons are not questions for the

14  jury to determine after hearing expert testimony - as the defendants propose - but matters for the

15  Court to determine.  *See Urfer*, 287 F.3d at 667.  In addition, where, as here, the defendants, via

16  an offer of proof, are unable to establish all of the elements of the necessity defense, there claim

17  fails "as a matter of law," *Dorrell*, 758 F.2d at 433, and the Court properly may prohibit

18  testimony regarding the defense and may also refuse to issue a jury instruction relating to it.

19  *Dorrell*, 758 F.2d at 433, 434.  *See also United States v. Haynes*, 143 F.3d 1089, 1090 (7th Cir.

20  1998) ("A judge may, and generally should, block the introduction of evidence supporting a

21  proposed defense unless all of its elements can be established.").

22       Applying these principles, in cases involving nuclear weapon protests, district courts

23  routinely preclude defendants from offering evidence relating to the Nuremberg defense and the

24  necessity defense.  They simply are irrelevant to the issues before the jury and, as a result, tend

25  to confuse instead of illuminate.  *See Komisaruk,* 885 F.2d at 492-94, 495 (application of

26  principle that court should prohibit defenses similar to those the defendants wish to bring, in a

27  case similar to this one); *Dorrell*, 758 F.2d at 430 (district court may preclude the defendant

28
GOVERNMENT'S CONSOLIDATED
RESPONSE TO DEFENDANTS' MOTIONS
(KELLY, et al, CR10-5586BHS) - 9

1   from arguing a necessity defense at trial where "the evidence, as described in the defendants'

2   offer of proof, is insufficient as a matter of law to support the proffered defense."); *United States*

3   *v. Maxwell-Anthony*, 129 F.Supp.2d 101 (D. Puerto Rico 2000) (district court prohibited

4   defendants from arguing and presenting expert testimony regarding international law defense or

5   arguing necessity defense at trial for actions related to nuclear protest); *Cassidy*, 616 F.2d 101,

6   102 (same).  *See also United States v. Cottier*, 759 F.2d 760, 763 (9th Cir. 1985); *Lowe*, 654

7   F.2d at 567.  The government requests that the Court preclude such evidence in the present case.

8          C.      <u>Motion for Substitution of Standby Counsel</u>

9          Defendant Montgomery also moves the Court to replace her standby counsel, Ron Ness,

10  with attorney Blake Kremer.  Montgomery asserts that because Ron Ness represented defendant

11  Greenwald's husband in a contentious divorce, Greenwald is having difficulty participating in

12  the joint defense agreement.  The government has no objection to this request.

13                          III.  <u>CONCLUSION</u>

14         For the foregoing reasons, the government respectfully requests that the defendants'

15  motion for dismissal of the indictment, and, in the alternative, motion *in limine*, be denied.

16         DATED this 5th of November, 2010.

17

18                          Respectfully submitted,
                            JENNY A. DURKAN
19                          United States Attorney

20                          s/ Arlen R. Storm
                            _____
21                          ARLEN R. STORM
                            BRIAN WERNER
22                          Assistant United States Attorneys
                            United States Attorney's Office

23

24

25

26

27

28

GOVERNMENT'S CONSOLIDATED
RESPONSE TO DEFENDANTS' MOTIONS
(KELLY, et al, CR10-5586BHS) - 10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on Nov. 5, 2010, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent electronically to all counsel of record.  The document was also e-mailed to the e-mail addresses provided by defendants.


<u>s/ Arlen R. Storm</u>

GOVERNMENT'S CONSOLIDATED
RESPONSE TO DEFENDANTS' MOTIONS
(KELLY, et al, CR10-5586BHS) - 11